# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROGELIO GALVAN, JR.,                         1:11-cv-00326-GBC (PC)

                    Plaintiff,               ORDER TO SHOW CAUSE REGARDING
                                             EXHAUSTION

        v.                                   (Doc. 1)

MARGARET MIMMS,

                    Defendant.
_____/

**I. Factual and Procedural Background**

        Rogelio Galvan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in
this civil rights action filed pursuant to 42 U.S.C. § 1983.  On February 25, 2011, Plaintiff filed his
original complaint.  (Doc. 1).  Plaintiff is currently housed at Delano Community Correctional
Facility and the acts alleged in the complaint arise from events which Plaintiff alleges occurred while
being held by the Fresno County Sherif's Department.  On page two of the form complaint, Plaintiff
asserts that his grievance through the Delano Community Correctional Facility was denied since his
grievance regards conduct by the Fresno Sherif's Department and not the California Department of
Corrections.  (Doc. 1 at 2).

**II. Exhaustion Requirement**

        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).  A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).  A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

The Supreme Court has held that the exhaustion requirement demands "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006).  "To 'proper[ly]' exhaust, a prisoner must comply 'with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91).

In this instance, Plaintiff states that he erroneously attempted to exhaust administrative remedies with the incorrect government entity.  Plaintiff attempted to exhaust administrative remedies with the California Department of Rehabilitation and Corrections, when the events central to the complaint occurred at the Fresno County jail.  Plaintiff cannot bring a civil rights action under section 1983 based on events which occurred while confined in the Fresno County Jail unless and until he has completed administrative remedies provided by the Fresno County Jail for the processing of grievances prior to filing suit. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Ngo v. Woodford*, 548 U.S. 81, 85 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir.2002); *see also*

2

1    United States v. Hollis, CR-F-08-276, 2009 WL 902062 at *1 (E.D. Cal. 2009); *Rivers v. Hulkabee*,

2    No. 1:06-cv-01422, 2007 WL 214572, at *1 (E.D. Cal. 2007).

3

4    **III.      Conclusion and Order**

5        Because it appears that Plaintiff has not completed the grievance process, the Court

6    HEREBY ORDERS:

7        1.      Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for

8                failure to exhaust administrative remedies withing thirty (30) days of the date of

9                service of this order.

10

11   IT IS SO ORDERED.

12

13   Dated:     June 7, 2011

                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28