# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO GALVAN, JR., | Case No. 1:11-cv-00326-SAB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| MARGARET MIMMS, et al., | (ECF No. 5) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.**

**INTRODUCTION**

Plaintiff Rogelio Galvan, Jr. is a former detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed March 21, 2011. (ECF No. 5.)

As discussed below, Plaintiff's complaint states a cognizable claim against an unidentified defendant for excessive force in violation of the Eighth Amendment and negligence under California law, but does not state any additional claims for relief. Plaintiff shall be granted the opportunity to file an amended complaint to cure the deficiencies described in this order, or in the alternative, Plaintiff may notify the Court that he does not wish to amend his complaint and will proceed only on those claims found to be cognizable in this order.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff claims that on July 8, 2010, while he was housed in Fresno County Jail, members of the CERT team entered the unit in which Plaintiff was housed. (First Am. Compl. ¶ 10.)

Plaintiff was seated at a table in the common area with his back to the door and heard one of the CERT team members yell, "Rack the fuck up!" (Id. at ¶¶ 11, 12.) Plaintiff alleges that as he was picking up his belongings to comply with the order, an unidentified officer ("Doe 1") fired a pepper pellet gun at Plaintiff hitting him in the back twice. (Id. at ¶ 15.)

As Plaintiff ran to his cell in an attempt to comply with the order, he was hit again in the arm. (Id. at ¶ 16.) Plaintiff turned to see who was shooting at him and was hit with a pepper ball splitting his lip. (Id. at ¶ 17.) The CERT officer continued to shoot until there were no pepper balls left. (Id. at ¶ 18.)

Plaintiff was placed in handcuffs and requested medical attention. As he walked to the elevator, Plaintiff heard one of the CERT team members say, "That's what they get." Plaintiff claims he did not receive proper medical attention and has permanent scarring of his lip. (Id. at ¶ 19.)

Plaintiff brings this action against the County of Fresno, Sheriff Margaret Mimms, and Does 1 through 15 alleging denial of due process in violation of the Fourteenth Amendment, deliberate indifference to medical care in violation of the Eighth Amendment, and state law claims of negligence and willful misconduct.[1] Plaintiff is seeking $10 million in compensatory damages, and punitive damages.

## IV.

## DISCUSSION

### A.   Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010);

---

[1] Plaintiff's first amended complaint sets forth a first, third, and fifth cause of action, however there is not a second or fourth cause of action.

3

Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff brings this action against Defendant Mimms. The first amended complaint is devoid of any factual allegations regarding any acts or omissions by Defendant Mimms that violated Plaintiff's federal rights or state law. Plaintiff may not state a claim against Defendant Mimms solely based upon her position as Fresno County Sheriff. In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff fails to state a claim against Defendant Mimms.

Additionally, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). A local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). Plaintiff fails to identify any policy or custom that contributed to the violation of his rights. Accordingly, Plaintiff fails to state a claim against the County of Fresno.

**B.     Eighth Amendment Claims**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

//

1.      Deliberate Indifference to Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he received inadequate medical care and as a result he now has a permanent scar on his lip. Plaintiff has failed to allege facts to show that any individual was aware that he had a serious medical need and failed to adequately respond. Plaintiff states that he requested medical care and that the care he received was inadequate. However, an allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Plaintiff has failed to allege any facts to state a plausible claim that any individual was deliberately indifferent to his medical needs.

2.      Excessive Force

Plaintiff alleges that the defendants breached their duty by engaging in acts of violence against him. The Court liberally construes Plaintiff's allegations to bring an excessive force

1 claim. The inquiry as to whether a prison official's use of force constitutes cruel and unusual
2 punishment is "whether force was applied in a good-faith effort to maintain or restore discipline,
3 or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);
4 Whitley v. Albers, 475 U.S. 312, 320 (1986). "The objective component of an Eighth
5 Amendment claim is . . . contextual and responsive to contemporary standards of decency."
6 Hudson, 503 U.S. at 8 (internal quotation marks and citations omitted). A prison official's use of
7 force to maliciously and sadistically cause harm violates the contemporary standards of decency.
8 Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). However, "[n]ot 'every malevolent touch by a
9 prison guard gives rise to a federal cause of action." Wilkins, 130 S. Ct. at 1179 (quoting
10 Hudson, 503 U.S. at 9).

11 Plaintiff's allegations that while he was attempting to comply with the order to "rack up,"
12 Defendant Doe 1 began firing pepper balls at him is sufficient to state a cognizable claim for
13 excessive force in violation of the Eighth Amendment.

14 **C.    Fourteenth Amendment Due Process**

15 The Due Process Clause protects against the deprivation of liberty without due process of
16 law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a
17 deprivation of due process, a plaintiff must first identify a liberty interest for which the protection
18 is sought. Wilkinson, 545 U.S. at 221. The Due Process Clause does not confer a liberty interest
19 in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515
20 U.S. 472, 480 (1995). Plaintiff's complaint does not contain any allegations that would implicate
21 the Due Process Clause of the Fourteenth Amendment.

22 To the extent that Plaintiff may be attempting to bring a claim based upon substantive due
23 process, where a particular amendment provides an explicit textual source of constitutional
24 protection against a particular sort of government behavior, that Amendment, not the more
25 generalized notion of substantive due process, must be the guide for analyzing a plaintiff's
26 claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and
27 brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick,
28 Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

### D. State Law Claims

Plaintiff brings claims of negligence and willful misconduct under California law. The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. Plaintiff alleges that he filed a claim with the Board and did not receive a response. At the pleading stage, Plaintiff has adequately alleged compliance with the California Tort Claims Act.

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2009). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct. App. 2009). Liberally construed Plaintiff's complaint states a claim for negligence against Defendant Doe 1.

Under California law, willful misconduct is not a separate tort, but is an aggravated form of negligence that differs in quality from ordinary care, rather than degree. Berkley v. Dowds, 152 Cal.App.4th 518, 526 (2007). The pleading requirements for willful misconduct are stricter than those for negligence, and the acts or omissions must be more specifically described to rise to the level of willful misconduct. Berkley, 152 Cal.App.4th at 526, 528. "Three essential elements

must be present to raise a negligent act to the level of willful misconduct; (a) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is probable, and (3) conscious failure to act to avoid the peril." Id. at 528 (quoting Simmons v. Southern Pac. Transportation Co., 62 Cal.App.3d 341, 360 (1976). "Wilful misconduct ... necessarily involves deliberate, intentional, *or wanton* conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, *that danger is likely to result therefrom.*" Bigge Crane & Rigging Co. v. Workers' Comp. Appeals Bd., 188 Cal.App.4th 1330, 1349 (2010) (emphasis in original) (citations omitted).

While Plaintiff alleges that shooting him in the arm, back and face without provocation and subsequently denying him medical care constitutes the tort of willful misconduct, the facts as alleged do not rise to such a level. Although Plaintiff alleges that he was denied medical care, it is clear that he did receive medical care. Plaintiff states that he asked to see a doctor after his lip was split open and the care he received was inadequate. Further, as alleged in Plaintiff's complaint, he was running away from the officers and was hit in the lip when he turned to look at who was shooting the pepper balls at him. Plaintiff's allegations in this action are insufficient to rise to the level of willful misconduct.

## V.

## CONCLUSION AND ORDER

Plaintiff's first amended complaint states a cognizable claim against Defendant Doe 1[2] for excessive force in violation of the Eighth Amendment and negligence under California law, but does not state any other claims for relief. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Doe 1 on the Eighth Amendment and negligence claim, Plaintiff may so notify

---

[2] The United States Marshal cannot initiate service of process on unknown defendants. Therefore, the court will send Plaintiff the appropriate service documents at such time that Plaintiff ascertains that identities of the Doe defendants. If the Plaintiff is unable to identify any defendants, this lack of identification may lead to dismissal of the action as to any unknown defendant. See Fed.R.Civ.P. 4(m).

the Court in writing. The other defendants and claims will then be dismissed for failure to state a claim.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a second amended complaint and is willing to proceed only against Defendant Doe 1; and

//
//
//

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 10, 2013**

UNITED STATES MAGISTRATE JUDGE